### No. 450

#### CLEVELAND RY. CO. v. JEWETT

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5489. Decided Feb. 23, 1925.

**480. EVIDENCE—Weight of will not be passed upon by reviewing court, providing there was some upon all points necessary to support the verdict and judgment of lower court.**

SULLIVAN, J.

This action was brought against the Cleveland Railway Co. by Wm. Jewett, a minor, by his mother and next friend, in the Cuyahoga Common Pleas, and was based upon damages sustained by Jewett by reason of an electrically charged wire which carried company's current and which was left hanging so that Jewett came in contact with it. The first trial resulted in a verdict for $5,000 in Jewett's favor, but a new trial was granted on the excessive verdict, and on retrial, judgment for $2,000 was rendered in favor of Jewett. The Company prosecuted error and contended that the verdict was contrary to the weight of the evidence and that the court erred in its charge the jury.

The company claimed that the minor manipulated another wire across the live wire, and through that, due to his own negligence, he was injured. The Court of Appeals held:

1. Where evidence in a case is conflicting, a reviewing court will not pass upon the weight of the evidence providing there was some evidence upon all points necessary to sustain the verdict and judgment of the lower court.

2. Where no interrogatories are submitted to the jury for the purpose of being able to determine whether the verdict was based upon one or all of the charges of negligence, it is impossible for the court to determine, even in the absence of any negligence, upon what the jury specifically based its verdict. Judgment of lower court affirmed.

Attorneys—Squire, Sanders & Dempsey, for Company; John H. McNeal, for Jewett; all of Cleveland.

---

### SUPREME COURT

Pending Case continued from page 300.

### No. 459

#### CLEVELAND (City) v. FERRANDO

No. 19028. Supreme Court

On motion to certify. Dock. March 18, 1925; 3 Abs. 198.

**972. PUBLIC PARKS—Duty of city as fireworks display in—Is operation of a governmental function?**

Amedeo Ferrando, a minor, together with a companion, was walking through Ambler Park in the City of Cleveland, when they came upon, and picked up, an unexploded bomb, which remained from a fireworks display which had been given in said park the previous evening by an Italian Society, under a permit granted by the City of Cleveland.

The petition alleges negligence by way of improper supervision of the display of fireworks; negligence in inspecting and cleaning up the Park after the display of fireworks, and the maintenance of a nuisance in violation of a statutory duty of the City to keep its public grounds free from nuisance.

A demurrer was filed to the petition, which was sustained by the Common Pleas Court. The Court of Appeals of the First District sitting by assignment in Cuyahoga County, reversed and remanded the case with instructions to overrule the demurrer.

The questions involved are: 1. Whether or not there is a proper joinder of parties defendant: 2. The duties of the city with respect to permitting and supervising a fireworks display; 3, and whether or not a city, in the operation of a park is engaged in a governmental function.

The status of the case is somewhat indefinite, inasmuch as it is not definitely known on which of the grounds or for what reasons the trial court sustained the demurrer, no memorandum or opinion being given by it at that time. The Court of Appeals apparently assumed that it was sustained on the grounds of a governmental function, and decided the case on that basis.

Note:—A case similar to this will be found in Youngstown v. Wilkoff, 1 Abs. 673.

Attorneys—Carl F. Shuler and J. F. Smith, for State; Nicola & Horn, for Ferrando; all of Cleveland.